IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PRISCILLA GALAN § | |
| § | |
| V. § | |
| § | No. 5:23-cv-741 |
| P.F. CHANG'S CHINA BISTRO, INC. § | |
| d/b/a P.F. CHANG'S CHINA BISTRO, § | |
| ALDO DELANGEL, MENEMSHA § | |
| DEVELOPMENT GROUP INC., and § | |
| MX CONTRACTORS LLC § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Menemsha Development Group, Inc. files this Notice of Removal to this Court of the civil action filed against him in the 188th Judicial District of Bexar County, Texas, by Plaintiff Priscilla Galan and would respectfully show as follows:

### I.   STATE COURT ACTION

1. Defendant removes the state court action styled Cause No. 2023CI09143; *Priscilla Galan v. P.F. Chang's China Bistro, Inc. d/b/a P.F. Chang's China Bistro, Aldo Delangel, Menemsha Development Group Inc., and MX Contractors LLC*; in the 188th Judicial District Court of Bexar County, Texas.

2. In this lawsuit, Plaintiff asserts a premises liability claim, alleging "she was struck by a large metal vent covering/panel that fell from the wall." *See* Exhibit A, *Pl.'s Orig. Pet.* at ¶ 35.  Plaintiff seeks monetary damages in excess of $1,000,000.  *Id.* at ¶ 8.

## II.   PARTIES

3.   Plaintiff, Priscilla Galan, is a citizen of the State of Texas. *See* Exhibit A, *Pl.'s Orig. Pet.* at ¶ 2.

4.   Defendant Menemsha Development Group Inc. is a citizen of the State of California. *See id.* at ¶ 5.

5.   Defendant P.F. Chang's China Bistro Inc. d/b/a P.F. Chang's China Bistro is a resident of the State of Delaware. *See id.* at ¶ 3.

6.   Defendant MX Contractors LLC is a resident of the State of New Jersey. *See id.* at ¶ 6.

7.   Defendant Aldo Delangel is a resident of the State of Texas that has been fraudulently joined to defeat diversity jurisdiction. *See id.* at ¶ 4.

## III.   JURISDICTION AND VENUE

8.   This Court has original jurisdiction over this civil action because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

9.   Plaintiff's Original Petition admits that "she seeks monetary relief over $1,000,000.00." Exhibit A, *Pl.'s Orig. Pet.* at ¶ 8; *see also* 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . .").

10.   Complete diversity of citizenship exists between Plaintiff and all proper Defendants. Accordingly, this case is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

11. As to Defendant Aldo Delangel, he is improperly joined, and his citizenship is irrelevant because no claim upon which relief can be granted has been pled against him. *See Larroquette v. Cardinal Health 200*, 400 F.3d 373, 376 (5th Cir. 2006) (applicable improper joinder test involves "determine[ing] whether . . . the complaint states a claim against the in-state defendant"). Defendant asserts that Plaintiff joined Aldo Delangel for the sole purpose of defeating Defendant's right to remove this action to the United States District Court and for no other reason. No reasonable basis exists for believing that Plaintiff could recover from Aldo Delangel in the State Court action.

12. "Under Texas law, an employee will only be held individually liable in a premises-liability action 'when the [employee] owes an independent duty of reasonable care to the injured party apart from the employer's duty.'" *Padilla v. Wal-Mart Stores Texas, LLC*, No. EP-19-CV-004-KC, 2019 WL 2565260, at *2 (W.D. Tex. Apr. 9, 2019) (quoting *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005)). But "it is insufficient for plaintiff to summarily allege that the store manager owes an independent duty—she must establish what that duty is and how it is independent from the duty owed by the store." *Torres v. Hobby Lobby Stores, Inc.*, No. EP-13-CV-187-KC, 2013 WL 6157916, at *4 (W.D. Tex. Nov. 22, 2013) (quoting *Borg v. Old Navy, LLC*, No. SA-13-CV-680-XR, 2013 WL 4677685, at *3 (W.D. Tex. Aug. 29, 2013)). Plaintiff has not and cannot set forth any facts or legal theory that would provide a reasonable basis for her claim against Aldo Delangel in his individual capacity.

13. Because Plaintiff has not alleged any facts to support that Aldo Delangel owed or undertook any particular duty Plaintiff independent of his employment and

managerial role with Defendant P.F. Chang's China Bistro or otherwise acted in an unlawful manner, no basis in law or fact exists to hold Delangel liable for Plaintiff's premises liability claims. Moreover, Plaintiff has not pled any other plausible claim under which Delangel can be found liable. As such, the Court should consider Aldo Delangel fraudulently joined, disregard his citizenship for purposes of this removal, and find that the properly joined parties are completely diverse.

14. Venue is proper in this Court under 28 U.S.C. § 1441 because this district and division embrace the place in which the removed state court action is pending. Specifically, the 288th Judicial District Court of Bexar County, Texas, in within the San Antonio Division of the United States District Court of the Western District of Texas.

15. Defendants P.F. Chang's China Bistro and MX Contractors have been served, but their respective thirty-day periods to initiate, join in, or consent to the removal of this case to federal court has not yet expired. *See* 28 U.S.C. § 1446(b)(2)(C); *see also Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M-BN, 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014 (holding that consent to removal under § 1446(b)(2)(C) must be filed within the later-served defendant's thirty-day removal period); *Couzens v. Donohue*, 854 F.3d 508, 514–15 (8th Cir. 2017).

### IV.   TIMELINESS

16. Defendant was served with process and Plaintiff's Original Petition on May 10, 2023. *See* Exhibit A, *Officer's Return*. Thirty days has not elapsed since Defendant was served. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely and proper.

## V.     ATTACHMENTS

17. In accordance with 28 U.S.C. § 1446(a), attached to this Notice of Removal are copies of the following state court documents:

> **Exhibit A**: Citation to Menemsha Development Group, Inc. and Plaintiff's Original Petition.
>
> **Exhibit B**: Defendant P.F. Chang's China Bistro, Inc. d/b/a P.F. Chang's China Bistro's Original Answer.
>
> **Exhibit C**: State Court Docket for Cause No. 2023CI09143.

## VI.     JURY DEMAND

18. Plaintiff did demand a jury in the State Court action. *See* Exhibit A, *Pl.'s Orig. Pet.* at ¶ 63.

## VII.     CONDITIONS PRECEDENT

19. Defendant has tendered the filing fee along with the original Notice of Removal. A copy of this Notice of Removal is also being filed in the 288th Judicial District Court of Bexar County, Texas, and all counsel of record are being provided with complete copies.

20. By filing this Notice of Removal, Defendant does not waive any legal defenses but expressly reserves the right to raise any and all legal defenses in subsequent pleadings in this Court.

21. In the event this Court subsequently identifies a defect in this Notice of Removal, Defendant respectfully requests the Court grant Defendant leave to amend this Notice and cure the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-

175-XR, 2007 WL 1032339, at *1 (W.D. Tex. Apr. 3, 2007); *Silva v. Degs Wing I, LLC*, No. CV 1:13-247, 2015 WL 12743775, at *2–3 (S.D. Tex. Jan. 29, 2015).

22.  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

Accordingly, Defendant Menemsha Development Group Inc. represents that he has complied with the removal statutes as set forth above and respectfully requests the Court find that Defendant Aldo Delangel was improperly joined as a defendant in this cause and that it be removed from the 288th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Date: June 9, 2023.

                                                    Respectfully submitted,

COKINOS | YOUNG
10999 IH 10 West, Suite 800
San Antonio, Texas 78230
Telephone: (210) 293-8700
Facsimile: (210) 293-8733

*/s/ Whitley B. Zachary*
Andres R. Gonzalez (Attorney-in-Charge)
State Bar Number: 24032240
agonzalez@cokinoslaw.com
Whitley B. Zachary
State Bar Number: 24091841
wzachary@cokinoslaw.com
Stephanie O'Rourke
State Bar Number: 15310800
sorourke@cokinoslaw.com
***Attorneys for Defendant Menemsha Development Group, Inc.***

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served through the Court's electronic filing system on the 9th day of June 2023, to the following counsel of record:

| | | |
|---|---|---|
| Daniel J. T. Sciano | *Via Email –* | dsciano@tsslawyers.com |
| Aaron Valadez | | avaladez@tsslawyers.com |
| Tinsman & Sciano, Inc. | | |
| 10107 McAllister Freeway | | |
| San Antonio, Texas 78216 | | |
| ***Attorneys for Plaintiff*** | | |

| | | |
|---|---|---|
| Allison W. Vann | *Via Email –* | vann@mdjwlaw.com |
| Justin Studdard | | studdard@mdjwlaw.com |
| Martin, Disiere, Jefferson & Wisdom, LLP | | |
| 115 Wild Basin Road, Suite 107 | | |
| Austin, Texas 78746 | | |
| ***Attorneys for Defendant P.F. Chang's China Bistro*** | | |

                                                       */s/ Whitley B. Zachary*
                                                       Whitley B. Zachary